<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

November 10, 2022

Elijah Cabbagestalk
Register No. 72791-050
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954
*Pro Se Defendant*

Emma Spiro, Esq.
United States Attorney's Office
970 Broad Street, 7th floor
Newark, NJ 07102
*Counsel for Plaintiff*

**<u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>**

**Re:**   ***United States v. Elijah Cabbagestalk***
**Crim. No. 19-925**

Litigants:

Before this Court is *pro se* Defendant Elijah Cabbagestalk's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).  (D.E. 30.)  This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

**<u>DISCUSSION</u>**

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence.  The statute provides, in relevant part, that:

(A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1).  As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2.  First, "a defendant seeking a reduced sentence must ask the [Bureau of Prisons ("BOP")] to do so on his or her behalf and either . . . wait thirty days for the BOP to respond or . . . exhaust all available administrative appeals after receiving an adverse decision." *United States v. McDonald*, Crim. No. 09-556, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).  At the second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (quoting *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020)).

## B.

On December 18, 2019, Defendant pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  (D.E. 14.)  On March 2, 2021, this Court sentenced Defendant to 77 months of imprisonment and 3 years of supervised release.  (D.E. 24 at 1–3.)  Defendant is currently serving his sentence at Federal Correctional Institution, Schuylkill, Pennsylvania ("FCI Schuylkill").  (Government's Opposition Brief "Gov. Opp. Br." at 4.)

On March 13, 2022, Defendant submitted a request for compassionate release to the warden.  (Gov. Opp. Br., Exhibit "Ex." 4.)  The BOP denied Defendant's request on March 25,

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, cmt. n.1(A).

2022, because Defendant failed to state the criteria under which he was seeking release.  (*Id.*)  Defendant exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).  On June 5, 2022, Defendant submitted a motion to this Court for compassionate release.  (D.E. 30.)  The Government opposed Defendant's motion on August 5, 2022, (*see generally* Gov. Opp. Br.), and Defendant did not file a reply.

C.

Defendant moves for compassionate release on the grounds that he (1) has not received mental health treatment while incarcerated, (2) has suffered due to conditions relating to the Pandemic, (3) experienced "punitive conditions of confinement," (4) is a "non-violent offender," and (5) has served almost 65% of his sentence.  (D.E. 30.)  Although this Court is sympathetic to Defendant's concerns, these concerns alone do not amount to compelling and extraordinary reasons to justify early release.

First, Defendant's mental health conditions do not place him at a uniquely high risk of grave illness or death if infected by COVID-19.[2]  The Centers for Disease Control and Prevention ("CDC") recognizes that certain mental health conditions, including depression, may increase the risk of severe COVID-19 infection.  *See* CDC, *People with Certain Medical Conditions* (last updated Sep. 2, 2022), *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html*.  Defendant's mental health conditions are not sufficiently severe to establish a compelling basis for his release.  *See United States v. Armstrong*, Crim. No. 14-633, 2022 WL 1261530, at *3–4 (D.N.J. Apr. 27, 2022) (finding that the defendant's anxiety, bipolar disorder, and depression was treated with medication and did not justify extraordinary and compelling reasons for compassionate release).  Defendant alleges that he is unable to access mental health services due to COVID-related lockdown restrictions (D.E. 30), but his medical records indicate that FCI Schuylkill provides routine medical checkups and he has consistent access to antidepressant medication to manage his symptoms.  (*See generally* Ex. 2; Ex. 3.)  The BOP noted that Defendant is "currently able to independently adapt to activities of daily living and [is] able to perform self-maintenance activities in a correctional environment."  (Ex. 4.)  While medical records indicate  that Defendant has a history of "poor medication adherence" (Ex. 3 at 3), that fact does not constitute a basis for release since access to medication is available to Defendant to treat his mental health conditions.  *See United States v. Alexander*, Crim. No. 19-32, 2020 WL 2507778, at *4 (D.N.J. May 15, 2020) (denying motion for compassionate release where defendant suffered from hypertension and obesity but medical records show that BOP was "adequately managing [his] medical care").  In the absence of specific evidence showing a more heightened risk, this Court declines to find that Defendant has made a showing of medical conditions, even with the possibility of contracting COVID-19, which warrant his release.

Second, even if Defendant could establish that he is at an increased risk of infection, compassionate release should be denied because Defendant is fully vaccinated and boosted against COVID-19.  (Ex. 2 at 60.)  If a defendant is vaccinated, many courts have found that there is an

---

[2] Defendant's medical records note that Defendant has depression and an "unspecified anxiety disorder."  (Ex. 3 at 20.)  Defendant did not mention depression or any other mental or medical health conditions in his motion for compassionate release.  (D.E. 30.)  Instead, Defendant alleges that he has not received "psycho-therapy treatment" and suffers from "mental and emotional distress."  (*Id.*)  However, these factors alone coupled with the reasons set forth herein do not justify his early release.

3

insignificant likelihood that the defendant "will contract COVID-19 and become seriously ill." *United States v. Pabon*, Crim. No. 17-312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021); *see also United States v. Roper*, Crim. No. 16-335, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) ("The risk posed to an inoculated [defendant] is not an extraordinary and compelling reason for his release."). Further, the Third Circuit has made clear that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597. Accordingly, Defendant's request for compassionate release is not supported.

Third, in response to Defendant's assertion that he is subject to the "punitive conditions of confinement" (D.E. 30), this Court does not find that the current conditions at FCI Schuylkill are such that compassionate release is warranted. The BOP follows COVID-19 protocols in accordance with CDC guidance (Ex. 4 at 1; Gov. Opp. Br. at 4), to include routinely testing Defendant for the COVID-19 virus. (Ex. 2 at 59.) The Third Circuit previously determined that prison conditions do not present an extraordinary and compelling reason for compassionate release. *See United States v. McLean*, 2021 WL 5896527, at *2 (3d Cir. Dec. 14, 2021) ("the District Court reasonably explained that, while it 'appreciates the challenge posed by COVID-19 and Defendant's difficult conditions of confinement,' it could not find that the prison conditions presented an extraordinary and compelling reason [for compassionate release]"); *see also United States v. Ali*, Crim. No. 11-00752, 2022 WL 3357915, at *4 (D.N.J. Aug. 15, 2022) (noting that "the fact that Defendant has experienced strict lockdowns because of COVID-19 is not a reason that justifies compassionate release"); *United States v. Acosta*, Crim. No. 19-389, 2022 WL 2133866, at *4 n.3 (E.D. Pa. June 14, 2022) ("'[H]arsh' conditions of confinement created in response to the COVID-19 pandemic are applicable to 'all inmates and do not in themselves warrant special treatment.'" (citation omitted)). Though this Court recognizes the challenges of confinement, to include those caused by the Pandemic, Defendant's conditions of confinement do not present an extraordinary and compelling reason for compassionate release.

Fourth, Defendant's contention that early release is warranted because he is a "non-violent offender" and has served "almost 65%" of his sentence is without merit. (D.E. 30.) At Defendant's sentencing on March 2, 2021, this Court evaluated Defendant's long criminal history and significant recidivism, as well as took into account Defendant's "non-violent" offender status. (*See generally* D.E. 29.) This Court examined the nature and circumstances of Defendant's offense. (*Id.*) Specifically, the Court acknowledged that on the day of this offense Defendant "[was] being shot at" and was a "victim." (D.E. 29 at 34.) However, the Court explained:

> It's not about the fact that you were being shot at. It's what happens after that in getting the backpack with the weapon, etcetera. So now you come before the Court and the Court has to look at you and all of your criminal history. We can't ignore that. . . . We can't just focus and do this tunnel vision on what happened in this instance. We now look at Mr. Cabbagestalk and all of his history.

(D.E. 29 at 34, lines 17–19, 22–25; D.E. 29 at 35, lines 1–2, 4–6.)

4

Based on Defendant's criminal history, this Court appropriately calculated Defendant at a Criminal Offense level of 21 with a Criminal History of 6 (the highest possible level). (D.E. 29 at 35, 38.) After reiterating the calculated offense level and criminal history were correct, this Court sentenced Defendant to 77-months imprisonment for unlawful possession of a firearm by a convicted felon. (D.E. 29 at 39.) The reasons set forth on the record at the time of sentencing are still applicable. Thus, Defendant's "non-violent" offender status does not merit any further consideration. In addition, Defendant has not served 65% of his 77-month term of imprisonment. Accordingly, Defendant's request for compassionate release is not supported.

Lastly, even if Defendant's medical concerns constituted extraordinary and compelling reasons for release, this Court would still deny the motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his release. *See United States v. Terry*, Crim. No. 16-210, 2020 WL 3264086, at *4–*5 (D.N.J. June 17, 2020) (denying motion for compassionate release despite defendant's medical conditions, in part because certain § 3353(a) factors weighed against release). Here, Defendant's long criminal history and significant recidivism dating back to 2003 weigh against granting Defendant's motion for early release. (*See generally* D.E. 29.) Defendant has multiple prior felony convictions and probation violations[3], establishing a history of significant recidivism. (*Id.* at 7–21.) As discussed above, Defendant has a Criminal Offense level of 21 with a Criminal History of 6, which is the highest possible criminal history level. (D.E. 29 at 35, 38.) Defendant is currently serving a 77-month term of imprisonment for unlawful possession of a firearm by a convicted felon, which is a serious offense. (D.E. 24 at 1–3.) This Court finds that a reduced sentence here would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Indeed, the factors under 18 U.S.C. § 3553(a) militate strongly against Defendant's release in order "to protect the public from further crimes of the defendant" and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B)-(C). The magnitude of this offense, as well as Defendant's criminal history, warrant the sentence imposed. Circumstances have not changed in the interim requiring further consideration from this Court.

Accordingly, this Court will deny Defendant's motion.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is **DENIED**. An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties

---

[3] Defendant's prior felony convictions and probation violations include, *inter alia*, possession with intent to distribute a controlled dangerous substance near a school zone and possession of a weapon while committing a controlled dangerous substance offense. (Gov. Opp. Br. at 10; *see also* Ex. 1.)